### BATES v. KUNEY'S ESTATE.

1. EXECUTORS AND ADMINISTRATORS—CLAIMS—ESTOPPEL.
  Plaintiff, as administrator, claimed compensation from the defendant estate for services performed by his intestate. The wife of plaintiff's intestate had formerly filed, and obtained payment of, a claim against the defendant estate for similar services, which she then stated had been assigned to her by her husband; but she testified on the trial that her claim was for her personal services. The plaintiff was present at the time when her claim was allowed, and made no objection thereto, but his claim was on file at that time. *Held*, not to estop plaintiff from maintaining his action.

2. TRIAL—INSTRUCTIONS.
  It is not error to refuse a requested instruction which is substantially covered by the general charge.

Error to Lenawee; Chester, J. Submitted June 8, 1900. Decided September 13, 1900.

Daniel W. Bates, administrator of the estate of Seymour Kuney, deceased, presented a claim against the estate of Christian Kuney, deceased, for services rendered. The claim was disallowed by the commissioners, and claimant appealed to the circuit court. From a judgment for claimant, defendant brings error. Affirmed.

*Salsbury & O'Mealey,* for appellant.

*Louis A. Browne* and *John E. Bird,* for appellee.

Montgomery, C. J. The claimant recovered a verdict on a trial before a jury, and defendant brings error. The claim presented was for services of the claimant's intestate in nursing Christian Kuney in his lifetime. There was testimony tending to show that the deceased, Christian Kuney, promised to pay for this service, and the jury evidently believed and acted upon such testimony. The defense chiefly relied upon in the court below was an estoppel growing out of the following facts, as claimed by appellant: When the commissioners on claims for the estate of Christian Kuney were appointed, Mrs. Seymour Kuney presented a claim for the identical service for which the administrator of Seymour now seeks to recover. On the hearing before the commissioners she claimed that her husband had, in his lifetime, assigned the claim for his services to her, and an allowance was in fact made to her by the commissioners for such nursing, although for a somewhat less sum than claimed. The administrator, Daniel W. Bates, was present during this hearing, and he heard the claim which Mrs. Seymour Kuney made, and made no objection. This defense would certainly appeal strongly to us, if made out conclusively, but an examination of the record shows that this question was a disputed one. Mrs. Seymour Kuney testified that the claim which she made before the commissioners was for her own services in nursing the deceased, and for board, the claim for which had been assigned to her; but what is more significant is the fact that, before the determination by

the commissioners of Mrs. Seymour Kuney's claim, the present claim, or a duplicate of it, was filed. The commissioners could not have failed to understand, therefore, that the administrator was claiming that the charge for Seymour Kuney's services was due the estate. The court especially charged that, if Seymour Kuney assigned this claim to his wife, there could be no recovery in this action. As, in the absence of an assignment or some estoppel against the administrator, the proceeding by her would not constitute a bar, we think the instruction referred to fully protected the defendant.

The defendant also claimed a set-off. This was disallowed by the jury. The instruction upon this subject was as follows:

"If you allow that, you will allow the offset on that, if you find there was an offset. As I have said, the estate of Christian Kuney claims that they have a set-off here against the estate of Seymour Kuney. They claim there was a balance of $200 on a land deal (I will speak of it as a land deal); that Seymour Kuney should pay to the estate of Christian Kuney, also, $300 of money paid to Seymour Kuney by Perry Kuney; that the estate of Seymour Kuney should account for that. You will examine all the evidence in this case, to find whether Seymour Kuney was at the time of his death indebted to his father, Christian Kuney, in the sum of $200, as claimed by the estate, and also in the sum of $300. When I say you will examine all of the evidence, you will find out, in the first place, whether he was indebted to him at any time in that amount, and, if he ever was, whether that had been paid to his father. If it has been paid, then, of course, you will not allow any of it, or at least the part that was paid. The burden of proving this set-off is upon the estate of Christian Kuney. If the set-off is not established by a preponderance of the evidence, then it should not be allowed. If you find the set-off, or any part thereof, established by the contestant, then the same should be allowed, unless you find that the set-off has been paid by Seymour Kuney in his lifetime. If you find that he was indebted at the time of his death, or at any time, to his father, then the burden of showing that that was paid is upon the estate of Seymour Kuney."

Defendant's counsel complain that their sixth request was not given. This request reads as follows:

"If the jury find that in his lifetime Christian Kuney deeded 20 acres of land to Seymour Kuney, and that Seymour was to pay him $200 over and above what was coming to Seymour for said land, and that Seymour has never paid the same, then said claim for $200, which was so to be paid back to Christian Kuney, would be a set-off, and should be allowed by the jury against any claim of the claimant, and the balance, if any, be allowed by the jury in favor of the estate of Christian Kuney."

It is now urged that it was error to refuse this request; that the item was proved, and that there was no evidence against the claim; that it was the duty of the jury to allow it, and of the court to so instruct them. The request itself is a sufficient answer to this contention. It was a request to submit both the question of the original promise and of payment to the jury as a question of fact. This is precisely what the circuit judge did, and added that the burden of proof to show payment rested upon the claimant. The instruction given fully covered the request.

The other questions presented are, for the most part, dependent upon the questions which we have discussed, and need not be separately considered. None of the points made in the brief of appellant can be sustained.

The judgment will be affirmed.

The other Justices concurred.